73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jason Wayne BUMPUS, Plaintiff-Appellee,
v.
Craig S. KAMANSKY, Defendant-Appellant.
 No. 95-55272.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided Dec. 21, 1995.
 
 1
 Before: FARRIS and RYMER, Circuit Judges, and SINGLETON, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 San Bernardino Superior Court Judge Craig S. Kamansky appeals from the district court's order denying his motion to dismiss Jason Wayne Bumpus's Sec. 1983 complaint for failure to state a claim. Judge Kamansky contends that the doctrine of absolute judicial immunity renders him immune from civil liability for damages for the acts about which Bumpus complains. We have jurisdiction over this interlocutory appeal by virtue of the collateral order doctrine, Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985), and we affirm.
 
 
 4
 Bumpus's complaint alleges that Judge Kamansky used his position as a judge to gain custody of Bumpus, and then used his position as Bumpus's court-appointed guardian to sexually abuse him. Accepting these allegations as true, as we must in ruling on the propriety of denying a motion to dismiss, it is clear that Judge Kamansky is not entitled to a dismissal on the ground of absolute judicial immunity. These acts, even though allegedly performed by a judge, are not "judicial acts" to which the doctrine of judicial immunity extends. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) ("A judge lacks immunity where he ... performs an act that is not 'judicial' in nature."); Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge").[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 Hon. James R. Singleton, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address Judge Kamansky's contention that the complaint fails to state a claim against him on the alternative ground that a guardian is not a "state actor" under Sec. 1983. We doubt that our limited jurisdiction to hear Judge Kamansky's interlocutory appeal of the judicial immunity question extends to this issue, see Allen v. Sakai, 48 F.3d 1082, 1090 (9th Cir.1994), and in any event, we need not reach it given our resolution of the immunity question